IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIMAS DELA CRUZ,     Plaintiff, | § § § | |
| v. | § § | 3:15-CV-2480-B-BK |
| DALLAS POLICE DEPARTMENT,     Defendant. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff filed a *pro se* complaint against Defendant Dallas Police Department. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed for failure to state a non-frivolous claim.

**I. BACKGROUND**

The complaint is difficult to decipher and nonsensical. For example, Plaintiff asserts that "a deep investigation was not carried [out] by the Dallas Police Department." Doc. 3 at 1. He also claims that "[t]he mother of 5 kids by different dad is the conspiracy of [his] assassination." Doc. 3 at 1. He references a silver gun that he registered in Texas in 1976, and claims he was dispossessed of it by force. Doc. 3 at 1. He also avers, "A 96 Yukon white G.M.C. been frequently approach violently to see where I go [and] who I talk to. To gave they way to they criminal intention [unitelligle] every step." Doc. 3 at 3. He suggests that a white hammer has followed him, and mentions sex, violence, drugs, and the "disappearing Act." Doc. 3 at 3.

In 2014, this Court dismissed as factually frivolous a prior action in which Plaintiff claimed that the Dallas Police Department had failed to respond to his complaint

that employees of Waist Management Trash Company were planning to assassinate him. *See Dela Cruz v. Dallas Police Dep't*, No. 3:14-CV-2041-P-BN, 2014 WL 3925227 (N.D. Tex. 2014).

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

Here, Plaintiff's factual contentions are clearly baseless.  His allegations describe fantastic or delusional scenarios that are clearly irrational and incredible.  Therefore, Plaintiff's complaint should be dismissed with prejudice as frivolous.  *See Mills v. U.S. Government*, No. 3:11-CV-1428-L-BK, 2011 WL 3347919 (N.D. Tex. Jul. 13, 2011), *accepting recommendation*, 2011 WL 3347906 (N.D. Tex. Jul. 29, 2011) (dismissing complaint as factually frivolous because it alleged that unidentified individuals "use[d] technology" nationally and internationally to watch and control him and to commit crimes against him).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED** with prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED August 18, 2015.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE